JAMES D. PERCIFULL ET AL. *v.* CATHERINE WILSON'S HEIRS ET AL.

[Abstract Kentucky Law Reporter, Vol. 3—759.]

**Contract to Pay Attorneys' Fees.**

When it is agreed by a firm of attorneys to represent a plaintiff and sue and recover lands of large value for one-fourth of its value, and in case of their failure to recover the land they were to receive nothing, such a contract requires the attorneys to perform all the services necessary, and they can not claim the whole of the fees stipulated for recovering the land when by reason of the withdrawal of one of the attorneys, it became necessary for plaintiff to employ other attorneys to perform a part of the services.

### APPEAL FROM MEADE CIRCUIT COURT.

March 14, 1882.

OPINION BY JUDGE LEWIS:

In 1841, appellee, Thomas Burch, employed appellant, Percifull, and John Calhoun to prosecute, as attorneys, a suit for the recovery of a tract of land shown to be worth from eight to ten thousand dollars, and in writing signed by him agreed to pay them as a fee an amount equal to one-fourth the value of the land, if recovered, but nothing if the suit was not gained. Calhoun, being appointed circuit judge, withdrew from the case and rendered no services after the year 1841. But Percifull continued in the case and aided other attorneys subsequently employed until 1856, when the suit was terminated and the land recovered by Burch and those jointly interested with him.

As Calhoun withdrew from the suit and failed to carry out the contract, neither his personal representative nor Percifull has the right to recover an amount equal to one-fourth the value of the land, for the contract stipulated for the joint and united services of Percifull and Calhoun, and the proof conduces to show that the promise of Calhoun's services formed a considerable, if not the main inducement for the agreement on the part of appellee, Burch, to pay so great a fee as one-fourth the value of the land. By reason of the withdrawal of Calhoun other attorneys were employed, whom under the written contract Burch was not bound to employ, the proper interpretation of the con-

tract requiring Calhoun and Percifull to perform all the services required in the case.

It is true Payton, after the withdrawal of Calhoun, rendered valuable services in the case, and defendant insists that he was accepted in the place of Calhoun, and became entitled jointly with him to the benefit of the contract. But it is not shown that appellees ever agreed to accept the services of Payton as the substitute of Calhoun, and if they had done so, would not be bound, as Payton did not continue in the case later than 1852.

In our opinion neither Percifull nor the personal representative of Payton is entitled to recover more than the reasonable value of the services rendered. What that is it is difficult to determine as there is no evidence bearing directly upon the question. The commissioner reports that $250, being $125 each to Percifull and Payton, would be a reasonable fee in the case. But there does not appear any sufficient reason for fixing the amount due to each at the same sum, for Payton was not engaged but a little over one-third the length of time Percifull was engaged. The only thing in the case to authorize this court to fix the amount due to each, or to say whether the fee reported by the commissioner is reasonable or not, is the value put upon the services rendered by J. S. Taylor, which is $150. As it appears that Percifull prepared the original pleading and was in the case five or six years before Taylor was employed we see no reason why Percifull should not be allowed at least as much as he was, if not more. Nor is there any good reason why Percifull and the personal representative of Payton should not each recover a sum equal to what their services were respectively worth, and interest from the 23d of April, 1857, when this suit was commenced.

Wherefore the judgment of the court below is *reversed* and cause remanded for further proceedings consistent with this opinion.

*Chas. B. Fontaine, for appellants.*

*Lewis & Fairleigh, for appellees.*